IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CISA EXPORTADORA, S.A. | § | |
| | § | |
| vs. | § | C.A. NO. H – 11 – 1800 |
| | § | ADMIRALTY |
| CMA CGM S.A. | § | |

## *ORIGINAL COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff CISA Exportadora, S.A. files this Original Complaint against Defendant CMA CGM S.A. and, for causes of action, respectfully will prove by a preponderance of the credible evidence:

1. This action arises from damage and loss to a maritime cargo, a maritime tort and/or breach of a maritime contract. Accordingly, the Court has original jurisdiction of this admiralty and maritime claim under 28 U.S.C. §1333(1).

2. Plaintiff is a Nicaraguan business entity with its principal place of business in Managua, Nicaragua.

3. At all times material, Defendant owned, chartered, managed and/or operated the M/V CITY OF XIAMEN as a common carrier of goods by water for hire between various ports, including the Ports of Matagalpa, Nicaragua, Yokohama, Japan and Houston. Defendant is a foreign entity not authorized to do business in Texas but,

at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code. Defendant is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas. Alternatively, although Defendant may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and Defendant has sufficient national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over Defendant is consistent with the Constitutions and other laws of the United States and Texas. Accordingly, serving Defendant with a summons is effective to establish personal jurisdiction over it. Defendant can be served by serving the Texas Secretary of State. Process or notice can be sent to Defendant at its home office at 4 quai d'Arenc, 13002 Marseille, France.

4.     On or about July 13, 2010, Plaintiff tendered in good order and condition to Defendant at Matagalpa a cargo of bags of coffee beans. Defendant agreed safely to receive, handle, load, stow, secure, carry, discharge and deliver at Yokohama the cargo in the same good order and condition as when received, in consideration of paid

freight charges. Defendant acknowledged receipt of the cargo in good order and condition and, accordingly therewith, issued Bill of Lading No. NI1254400 at Managua, free of exceptions or other notations for loss or damage, and later loaded the cargo aboard the M/V CITY OF XIAMEN at the Port of Corinto, Nicaragua.

5. Thereafter, on or about September 2, 2010, the M/V CITY OF XIAMEN arrived at Yokohama where Defendant later discharged the cargo, not in the same good order and condition as when received but, on the contrary, much of the cargo was short, slack and missing. The loss proximately resulted from Defendant's act(s) and/or omission(s) constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a common carrier of goods for hire. Alternatively, the loss proximately resulted from the unseaworthiness of the M/V CITY OF XIAMEN.

6. Plaintiff proximately has sustained damages exceeding $32,180.12 plus interest dating from July 13, 2010, demand for which has been made upon Defendant but which it refuses to pay.

7. At all times material, Plaintiff owned the cargo and/or brings this action for itself and/or as agent and/or trustee for all persons or entities, including any insurer(s), that are or become interested in the cargo.

WHEREFORE, PREMISES CONSIDERED, Plaintiff CISA Exportadora, S.A. prays that Honorable Court adjudge that Defendant CMA CGM S.A. is liable to

Plaintiff for its damages, pre–judgment interest, post–judgment interest, court costs and all other relief as justice and equity allow.

          Respectfully submitted,

          *SHARPE & OLIVER, L.L.P.*

By _____
    Robert C. Oliver
    State Bar No. 15255700
    S. D. Texas No. 886
    550 Westcott, Suite 230
    Houston, Texas 77007
    Telephone:   (713) 864–2221
    Facsimile:   (713) 864–2228

OF COUNSEL:

R. M. Sharpe, Jr.
State Bar No. 18129000
S. D. Texas No. 889

          ATTORNEYS   FOR   PLAINTIFF